**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Case No. 2:14-CR-126** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | |
| **SHANE K. FLOYD,** *et al*. | : | |
| | : | |
| **Defendants.** | : | |

## <u>OPINION & ORDER</u>

This matter is before the Court on Defendant Shane Floyd's ("Defendant Floyd" or

"Floyd") Motion *in Limine* (Doc. 103), Defendant Floyd's Motion to Sever and Memorandum in

Support (Doc. 111), and Defendant Carl Robinson's ("Defendant Robinson" or "Robinson")

Motion to Join in Pretrial Motions of Co-Defendants , (Doc. 105-1).[1]  For the reasons set forth

herein, Defendant Floyd's Motion *in Limine* (Doc. 103) is **DENIED**, Defendant Floyd's Motion

to Sever is **DENIED** (Doc. 111), and Defendant Robinson's to Join in Pretrial Motions of Co-

Defendants is **GRANTED but is MOOT** (Doc. 105-1).

### I.  BACKGROUND

#### A.  Factual Background

This case arises out of a seven count indictment brought by the United States on June 23,

2014, against Defendants Shane Floyd, Carl Robinson, Christopher Martin, and Kristal Screven

(a.k.a. Kristal Allen) for their alleged participation as co-conspirators in a bribe and kickback

scheme using funds from the State of Ohio that were being provided to Arise! Academy

---

[1] Defendant Robinson first files a motion requesting leave of the Court to file his substantive motion (*see* Doc. 105) because the motion was filed ten days after the parties' deadline for any motions *in limine* to be filed.  (*See Order*, Doc. 96).  This Court **GRANTS** Defendant Robinson's request to file the motion late (Doc. 105), but gives warning that Defendant and his counsel should take seriously the duty to comply strictly with the Court's orders.

("Arise"), an Ohio charter school that operated in Dayton, Ohio.  On April 13, 2015, the United States filed a Superseding Indictment, (Doc. 100), against the same four defendants.  In the Superseding Indictment, Defendant Floyd has been charged with: one count of conspiracy, in violation of 18 U.S.C. § 371 (Count One), one count of federal programs bribery in violation of 18 U.S.C. § 666(a)(1)(B) (Count Two), and one count of making false statements in violation of 18 U.S.C. § 1001(a)(2) (Count Four).  Defendant Robinson has been charged with one count of conspiracy, in violation of 18 U.S.C. § 371 (Count One) and one count of federal programs bribery, in violation of 18 U.S.C. § 666(a)(2) (Count Three).  Defendant Martin has been charged with one count of conspiracy, in violation of 18 U.S.C. § 371 (Count One), one count of federal programs bribery in violation of 18 U.S.C. § 666 (Count Two), and one count of making false statements, in violation of 18 U.S.C. § 1001(a)(2) (Count Five).  Defendant Screven has been charged with one count of conspiracy, in violation of 18 U.S.C. § 371 (Count One), one count of federal programs bribery in violation of 18 U.S.C. § 666 (Count Two), one count of making false statements, in violation of 18 U.S.C. § 1001(a)(2) (Count Five), and one count of witness tampering, in violation of 18 U.S.C. § 1512(b)(1) (Count Seven).[2]

## B.  Procedural Background

Trial in this case is set to begin on Monday, May 18, 2015.  In his first Motion *in Limine*, Defendant Floyd moves this Court dismiss Count Four of the Superseding Indictment and preclude the Government from introducing evidence related to the charges in Count Four during the Government's case-in-chief, asserting that Floyd's Fifth and Sixth Amendment rights were violated during the course of the Government's investigation.[3]  (*Motion*, Doc. 103 at 2).

---

[2] On May 6, 2015, Defendant Screven executed a plea agreement in which she pled guilty to Count One of the Superseding Indictment.  (*See* Doc. 114).  The plea agreement was entered in front of this Court on May 8, 2015.
[3] Defendant Floyd's Motion only refers to "the indictment."  This Court will interpret Floyd's motion as challenging the Superseding Indictment, (Doc. 100).

Second, Defendant Floyd moves this Court to sever Counts One, Two, and Four of the Superseding Indictment from Counts Three, Five, Six, and Seven for purposes of trial. Defendant Floyd argues that the counts have been improperly joined under Rule 8 of the Federal Rules of Criminal Procedure. In the alternative, Floyd argues that the trial should be severed because of "substantial prejudice" to Defendant under Rule 14 8 of the Federal Rules of Criminal Procedure. (*See Motion to Sever and Mem. in Support*, Doc. 111 at 1, 4).

Defendant Robinson has also filed a pre-trial motion, moving this Court to permit Robinson to "join in the pre-trial motions filed or to be filed on behalf of his co-defendants in this action, to the extent such motions are applicable to him." (*Motion*, Doc. 105-1).

## II. STANDARD OF REVIEW

Motions *in limine* allow the Court to rule on the admissibility of evidence in advance of trial to expedite proceedings and give the parties advance notice of the evidence they may not rely upon at trial. *Bennett v. Bd. of Educ. of Washington County Joint Vocational Sch. Dist.*, C2-08-CV-0663, 2011 WL 4753414, at * 1 (S.D. Ohio Oct. 7, 2011) (citing *Jonasson v. Lutheran Child & Family Servs.,* 115 F.3d 436, 440 (7th Cir.1997)). To prevail on a motion *in limine,* the movant must show that evidence is clearly inadmissible. *Id.* If the movant fails to meet this high standard, a Court should defer evidentiary rulings so that the issues may be resolved in the context of a trial. *See Ind. Ins. Co. v. Gen. Elec. Co.,* 326 F.Supp. 2d 844, 846 (N.D.Ohio 2004). Whether or not to grant a motion *in limine* is within the discretion of a trial court. *Delay v. Rosenthal Collins Group, LLC*, 2:07-CV-568, 2012 WL 5878873, *2 (S.D. Ohio Nov. 21, 2012) (citing *Branham v. Thomas Cooley Law Sch.,* 689 F.3d 558, 560 (6th Cir.2012)). The Court may reconsider the admissibility of the evidence, however, and even change its ruling on a motion *in limine*, "as the proceedings give context to the pretrial objections." *Bennett*, 2011 WL 4753414

3

at * 1 (*citing Black v. Columbus Public Schools*, No. 2:96-CV-326, 2007 WL 2713873, at *2 (S.D. Ohio Sept. 17, 2007)).

### III.  ANALYSIS

### A.  Floyd's Motion *in Limine*

Floyd moves to suppress statements he made during a pre-indictment meeting to an Assistant United States Attorney ("AUSA") and a Federal Bureau of Investigations ("FBI") agent, on the grounds of both the Fifth Amendment, which protects a defendant from being "compelled in any criminal case to be a witness against himself," and the Sixth Amendment, which provides that "in all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence."  U.S. CONST. amends. V and VI.

In Defendant's Motion *in Limine*, he claims that, prior to any indictment in this case, he "was invited to respond to an investigation" by an FBI agent concerning his role as superintendent of Arise Academy charter school.  (Doc. 103 at 1).  "In the spirit of cooperation," Defendant asserts, Floyd traveled to Columbus, Ohio where he met with FBI Special Agent Rees, an unnamed woman, and AUSA Douglas Squires.  (*Id*.).  During the meeting, Defendant claims that he was not advised that he had the right to be represented by counsel, nor was he informed of his *Miranda* rights.  (*Id*.).  Defendant claims that, because he was "not used to the legal process" and was "somewhat nervous," he gave incorrectly reported the date on which he and codefendant Robinson formed a company called Millenium.  (*Id*. at 1-2).  Defendant claims that this "honest error" is being used as the basis for the claim of false statement against him (Count Four), and as proof of a criminal conspiracy between Floyd and Robinson.  (*Id*.).  Floyd requests dismissal of Count Four and suppression of any related evidence, claiming that his Fifth and Sixth Amendment rights were violated.

4

The Government makes three arguments in response. First, the Government asserts that this Court could, and should, deny Defendant Floyd's Motion simply because his motion cites no legal authority, in contravention of the Local Rules of this District. (Doc. 106 at 3). Second, the Government insists that the meeting described in Floyd's motion was a non-custodial interrogation, and so the agents had no obligation to administer *Miranda* warnings. (*Id.*). Third, the Government argues that Floyd's Sixth Amendment right to counsel was not implicated until his initial appearance on July 8, 2014, three years after the meeting he complains of, which took place on June 1, 2011. (*Id.* at 3-4).

### 1. *Local Rules*

As a preliminary matter, this Court notes that Defendant Floyd's motion fails to comply with this District's Local Rules because it fails to cite the legal authorities upon which he relied in making the motion.[4] *See* S.D. Ohio Civ. R. 7.2.[5] Nevertheless, the Court will consider the merits of Floyd's motion so that the Defendant is not unfairly punished for this error, and because this Court is loath to exhort form and procedure over substance.

### 2. *Fifth Amendment*

The Fifth Amendment to the United States Constitution requires law enforcement officers to advise of certain rights, including the right to have counsel present, before interrogating an individual who has been "taken into custody or otherwise deprived of his freedom." *Miranda v.*

---

[4] Importantly, S.D. Ohio Crim. R. 1.2 indicates that the Local Civil Rules shall apply to criminal action unless such rules are specifically excluded or inapplicable. Rule 7.2, governing "motions and other papers," is neither excluded nor inapplicable.

[5] Southern District of Ohio Local Rule 7.2(a)(1) states:

> All motions and applications tendered for filing shall be accompanied by a memorandum in support thereof that shall be a brief statement of the grounds, with citation of authorities relied upon. Except in the case of a motion or application permitted by law to be submitted ex parte, a certificate of service in accordance with S.D. Ohio Civ. R. 5.2 shall accompany all such papers.

S.D. Ohio Civ. R. 7.2(a)(1).

*Arizona*, 384 U.S. 436, 478 (1966).  The Supreme Court has determined that a suspect subject to a "custodial interrogation" must be given notice of his Fifth Amendment privilege against self-incrimination, regardless of whether formal criminal proceedings have begun.  *Miranda v. Arizona,* 384 U.S. 436, 478–79, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).  This Fifth Amendment privilege necessarily includes the right to have counsel present at an interrogation, as reflected in the standard warnings developed by the Court in *Miranda*.  *Id*.

*Miranda*'s procedural safeguards apply, however, only to suspects who are subject to "custodial interrogation."  *See, e.g.*, *Hoffner v. Bradshaw,* 622 F.3d 487, 511 (6th Cir. 2010).  Any statements made in response to a custodial police interrogation must be suppressed unless a suspect first waives his *Miranda* rights "voluntarily, knowingly and intelligently."  *United States v. Al-Cholan*, 610 F.3d 945, 954 (6th Cir. 2010) (*quoting Colorado v. Spring,* 479 U.S. 564, 572, 107 S.Ct. 851, 93 L.Ed.2d 954 (1987)).

The Supreme Court has established that whether a suspect is "in custody" for *Miranda* purposes is an objective determination that requires two discrete inquiries:  "first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was at liberty to terminate the interrogation and leave." *Thompson v. Keohane*, 516 U.S. 99, 112, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995) (footnote omitted).  *See also United States v. Mahan,* 190 F.3d 416, 421 (6th Cir.1999) ("For an individual to be 'in custody,' there must be 'a formal arrest or restraint on freedom of movement of the degree associated with formal arrest.' ") (citing *Thompson v. Keohane,* 516 U.S. 99, 112, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995)).  Both police and courts must "examine all of the circumstances surrounding the interrogation," including those that may affect how a reasonable person in the suspect's position would perceive his freedom to leave.  *Stansbury v. California,*

6

511 U.S. 318, 322, 325, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994).  But the test does not involve consideration of the particular suspect's "actual mindset."  *Yarborough v. Alvarado,* 541 U.S. 652, 667, 124 S.Ct. 2140, 158 L.Ed.2d 938.  *See also J.D.B. v. N. Carolina,* 131 S. Ct. 2394, 2397, 180 L. Ed. 2d 310 (2011).[6]

In the case *sub judice,* as Defendant states in his motion, he met with Special Agent Rees and AUSA Squires "in the spirit of cooperation."  He does not argue or put forth any evidence of compulsion or coercion; nor does he put forth any evidence that he was required to meet with the agents, that he was prohibited from leaving at any time, or even that a reasonable person would have felt that he was not free to leave at any time.  *See Mahan,* 90 F.3d at 422 (To establish that a defendant's statements were coerced, the court must find that: (1) the police activity was objectively coercive; (2) the coercion was sufficient to overbear the defendant's will; and (3) the police misconduct was the motivating factor in the defendant's decision to offer a statement.). An examination of the circumstances surrounding the meeting reveals that Defendant Floyd was not subject to a custodial interrogation as defined by the Supreme Court; thus, the agents were under no obligation to administer *Miranda* warnings.  Therefore, Floyd's Fifth Amendment

---

[6] The Sixth Circuit has explained the "custodial interrogation" requirement as follows:

> The *Miranda* Court defined custodial interrogation as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda,* 384 U.S. at 444, 86 S.Ct. 1602. A suspect is "in custody" for purposes of receiving *Miranda* protection if there has been a "formal arrest or restraint on freedom of movement." *Oregon v. Mathiason,* 429 U.S. 492, 495, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977). "[T]he initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned." *Stansbury v. California,* 511 U.S. 318, 323, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994) (per curiam). *Miranda* warnings are not required "simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect." *California v. Beheler,* 463 U.S. 1121, 1125, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983) (per curiam) (quoting *Mathiason,* 429 U.S. at 495, 97 S.Ct. 711). "[T]he only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation." *Berkemer v. McCarty,* 468 U.S. 420, 442, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984).

*Mason v. Mitchell,* 320 F.3d 604, 631 (6th Cir. 2003).

rights were not violated.  Floyd's request to dismiss Count Four and suppress evidence from the June 2011 meeting on this basis is denied.

### 3.  Sixth Amendment

The Sixth Amendment right to assistance of counsel is activated only after the initiation of formal criminal proceedings, such as the filing of an indictment.  *See United States v. White*, No. 1:11-CR-071-3, 2012 WL 6102064, at *4-5 (S.D. Ohio Dec. 7, 2012); *United States v. Yousef,* 327 F.3d 56, 140 (2d Cir. 2003) (citing *United States v. Gouveia,* 467 U.S. 180, 188, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984)).  Indeed, the Supreme Court has articulated a suspect's Sixth Amendment right to counsel as follows:

> The Sixth Amendment right of the "accused" to assistance of counsel in "all criminal prosecutions" is limited by its terms: "it does not attach until a prosecution is commenced." *McNeil v. Wisconsin,* 501 U.S. 171, 175, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991); see also *Moran v. Burbine,* 475 U.S. 412, 430, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986). We have, for purposes of the right to counsel, pegged commencement to " 'the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment,' " *United States v. Gouveia,* 467 U.S. 180, 188, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984) (quoting *Kirby v. Illinois,* 406 U.S. 682, 689, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972) (plurality opinion)). The rule is not "mere formalism," but a recognition of the point at which "the government has committed itself to prosecute," "the adverse positions of government and defendant have solidified," and the accused "finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law." *Kirby, supra,* at 689, 92 S.Ct. 1877.

*Rothgery v. Gillespie Cnty., Tex.*, 554 U.S. 191, 198, 128 S. Ct. 2578, 2583, 171 L. Ed. 2d 366 (2008).  Once this Sixth Amendment right attaches, the government is not permitted to "deliberately elicit" incriminating statements from the defendant without the presence of his attorney.  *See United States v. Henry,* 447 U.S. 264, 270, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980) (outlining the deliberate-elicitation standard).

Here, the meeting at which Floyd gave statements that he now asks be suppressed took place on or about June 1, 2011, nearly three years prior to his indictment in this case, on July 8, 2014. In other words, prosecution had not yet commenced. Further, Defendant has not put forth any other evidence that "the government had committed itself to prosecute," that the "the adverse positions of government and defendant [had] solidified," or that, at the time of the June 2011 meeting, Defendant was "immersed in the intricacies of substantive and procedural criminal law." *Rothgery v. Gillespie Cnty., Tex.*, 554 U.S. 191, 198, 128 S. Ct. 2578, 2583, 171 L. Ed. 2d 366 (2008) (*quoting Kirby v. Illinois*, 406 U.S. 682, 689, 92 S. Ct. 1877, 32 L. Ed. 2d 411 (1972)). Accordingly, Defendant Floyd's Sixth Amendment rights had not yet attached at the June 2011 meeting. *See United States v. Moody*, 206 F.3d 609, 613 (6th Cir. 2000) (citing the Supreme Court's decision in *Moran v. Burbine,* 475 U.S. 412, 430, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986) for the proposition that "the Sixth Amendment right to counsel becomes applicable only when the government's role shifts from investigation to accusation."). *See also, e.g.*, *United States v. Genao*, No. 09-20221, 2010 WL 3168620, at *3 (E.D. Mich. Aug. 10, 2010) (holding that defendant had no Sixth Amendment right to counsel at a meeting with Government representatives that took place three weeks prior to the return of the First Superseding Indictment in which she was named and where defendant was informed she was a target of the investigation and also informed that the interview was voluntary). Therefore, there is no basis for either dismissal of Count Four or suppression of evidence related to the June 2011 meeting on this basis.

For the foregoing reasons, Defendant Floyd's Motion *in Limine* (Doc. 103) is **DENIED**.

## B.  Floyd's Motion to Sever

Floyd also moves this Court to sever certain counts under Federal Rules of Criminal Procedure 8 and 14.  Specifically, Defendant Floyd asks this Court to sever the three counts in which he is named as a defendant (Counts One, Two, and Four) from the four counts in which he is not (Counts Three, Five, Six, and Seven).  The first group of counts proposed for severance by Defendant Floyd includes Count One, which charges all Defendants with conspiracy to commit federal programs bribery through the payment and receipt of bribes; Count Two, which charges Defendants Floyd, Martin, and Screven with the act of accepting illicit payments related to a federally funded organization; and Count Four, which charges Defendant Floyd with making a false statement to the FBI.  The second proposed group includes Count Three and Counts Five, Six, and Seven.  Count Three charges Defendant Robinson for his role in the conspiracy and acts offering illicit payments concerning a federally funded organization; Counts Five and Six charge Defendants Martin and Screven, respectively, with making a false statement to the FBI; and Count Seven charges Defendant Screven with witness tampering.

Defendant Floyd argues, first, that joinder was improper under Rule 8 of the Federal Rules of Criminal Procedure.  He claims that there is "no connection" between himself and the charges in Counts Three, Five, Six, and Seven, and there is "no allegation or proof" that he had "any knowledge of the other Defendants' acts."  (Doc. 111 at 2-3).  Second, Floyd insists that, even if joinder were proper, the joinder is prejudicial to him and thus severance is warranted under Rule 14 of the Federal Rules of Criminal Procedure.  (*Id*. at 3).  Specifically, he claims that a trial including the counts for which Floyd is not charged may cause "persons to draw a correlation between alleged criminal offenses."  (*Id*. at 4).  In addition, Floyd argues that his codefendant Martin's confession implicates him, and severing the trial is necessary to prevent

any "spillover effect" from Martin's admission of guilt and to prevent violation of Floyd's rights under the Sixth Amendment's Confrontation Clause.[7] (*Id*.).

In response, the Government asserts that joinder is proper in this case because the seven counts arise out of the same series of acts or transactions. (Doc. 113 at 3). Specifically, the Government argues that Defendant attempts to separate the conspiracy charge from the offenses underlying the conspiracy charge. The Government further responds that Floyd's motion does not claim any specific prejudice, and therefore the case does not warrant severance under Rule 14. Finally, the Government insists that severance is not the appropriate remedy for any potential prejudice against Floyd that may arise from Defendant Martin's confession; instead, the Government claims that "it will take proactive steps to ensure Martin's statements are not admitted in a way that presents Confrontation Clause problems," including tailoring "the testimony of government agents regarding Martin's confessions to remove any direct reference to his codefendants"; avoiding "any possible inadvertent mention of the codefendants by examining the agents through leading questions"; and replacing any codefendant's name "with a neutral pronoun or a generalized phrase." (*Id*. at 6).

### 1. *Timeliness of Defendant Floyd's Motion*

As a preliminary matter, the Court first notes that all non-discovery motions were due to be filed by April 6, 2015. (*Order*, Doc. 96). Defendant Floyd filed his Motion to Sever on May 5, 2015, making it 29 days overdue. The Government represents that Floyd has had notice of the facts serving as the basis for his motion for at least eight months (since being provided with Defendant Martin's confession on September 2, 2014). (Doc. 113 at 2). Defendant Floyd has not provided the court any reason, let alone demonstrated good cause for the untimeliness of his

---

[7] The Sixth Amendment's Confrontation Clause states, "In all criminal prosecutions, the accused shall enjoy the right to… to be confronted with the witnesses against him." U.S. Const. amend. VI.

motion. *See* Fed. R. Crim. P. 12(c)(3) ("If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause."). This alone is grounds to dismiss the motion. Again here, however, the Court will consider the merits of Floyd's motion as to not exhort form and procedure over substance.[8]

### 2. Joinder under Fed.R.Crim.P. Rule 8

Rule 8(b) of the Federal Rules of Criminal Procedure permits the joinder of multiple defendants so long as "[e]ach of the counts of the indictment arises out of the same act or transaction or series of acts or transactions." [9] *United States v. Hatcher,* 680 F.2d 438, 441 (6th Cir.2003). "Acts or transactions constitute a 'series' if they are logically interrelated, or if they are part of a common scheme or plan." *United States v. Gaither*, No. CR 2-07-179, 2008 WL 4206675, at *1 (S.D. Ohio Sept. 8, 2008) (citing *United States v. Johnson,* 763 F.2d 773, 775 (6th Cir. 1985)). There must be a "sufficient nexus" between the defendants and the acts or transactions charged as offenses. *Johnson,* 763 F.2d at 775.

The Sixth Circuit has determined that, "[j]oinder is permissible in a conspiracy count and substantive counts arising out of the conspiracy because the fundamental principle of a conspiracy charge is the agreement to a common plan or scheme to perpetrate some illegal activity." *United States v. Kelley*, 461 F.3d 817, 830 (6th Cir. 2006) (citation omitted). In

---

[8] This Court also notes that: (1) Floyd's proposed remedy to any alleged prejudicial joinder would require Defendants Robinson, Martin, and Screven to endure two trials related to the same acts/transactions; and (2) Floyd's proposed severance would not actually address his concern about Martin's confession being used against him because Floyd and Martin would still have a joint trial under his proposal.

[9] Federal Rule of Criminal Procedure 8(b) provides:

> Joinder of defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

Fed.R.Crim.P. 8(b).

*Kelley*, the Sixth Circuit held that "[a]lthough both defendants did not participate in all acts detailed in the indictment," which included allegations of extortion, conspiracy to commit extortion, bribery in connection with a federal program, making false statements, and money laundering, it was "sufficient that they both participated in at least one act in the series of acts that constituted the offense. Accordingly, the district court did not err in joining the Kelleys in this trial." *Id*.

Similarly here, as in *Kelley*, the acts alleged in the Superseding Indictment are sufficiently interrelated to merit joinder of Floyd's charges with those of his codefendants: payment and receipt of illicit payments, charged in Counts Two and Three, are the substantive offenses underlying the conspiracy charge (Count One); false statements and witness tampering, charged in Counts Four through Seven, allegedly were committed to avoid prosecution for the other charged offenses. Even though each of the Defendants did not participate in all acts charged in the Superseding Indictment, these counts are part of the "same serious of acts or transactions"; therefore, joinder is proper under Rule 8.

### 3. *Prejudicial Joinder under Rule 14*

Defendant Floyd makes two arguments that joinder of the counts in this case is prejudicial to him under Rule 14. First, he argues that prejudice will result if the trial is not severed because joinder of the counts may cause "persons to draw a correlation between alleged criminal offenses." Second, he asserts that his Confrontation Clause rights will be violated, and thus substantial prejudice will result, if Martin's confession is admitted because the confession implicates Floyd.

Rule 14 of the Federal Rules of Criminal Procedure allows the court to "order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires" if

13

"the joinder of offenses of defendants…appears to prejudice a defendant."  Fed.R.Crim. P. 14(a).

Whether or not to grant severance is within the sound discretion of the district court.  *United*

*States v. Caver,* 470 F.3d 220, 238–39 (6th Cir. 2006).  Considerations of judicial economy

weigh in favor of a single trial for jointly-indicted defendants where the charges against them

"will be proved by the same evidence and result from the same acts."  *United States v. Beverly,*

369 F.3d 516, 534 (6th Cir. 2004).  *See also Gaither*, 2008 WL 4206675 at *2 ("Joint trials are

efficient and avoid multiple, duplicative proceedings."); *United States v. Lopez*, 309 F.3d 966,

971 (6th Cir. 2002) ("As a general rule, persons jointly indicted should be tried together because

there is almost always common evidence against the joined defendants that allows for the

economy of a single trial.") (quotation omitted).  While Rule 14 authorizes courts to sever a

defendant's trial from that of his codefendants where a joint trial would be prejudicial, because of

the preference for joint trials, "a defendant seeking severance ... bears a strong burden and must

demonstrate substantial, undue, or compelling prejudice."  *United States v. Davis,* 177 F.3d 552,

558 (6th Cir. 1999).  The Supreme Court has stated that:

> [A] district court should grant a severance under Rule 14 only if there is a serious
> risk that a joint trial would compromise a specific trial right of one of the
> defendants, or prevent the jury from making a reliable judgment about guilt or
> innocence. Such a risk might occur when evidence that the jury should not
> consider against a defendant and that would not be admissible if a defendant were
> tried alone is admitted against a codefendant….The risk of prejudice will vary
> with the facts in each case, and district courts may find prejudice in situations not
> discussed here. When the risk of prejudice is high, a district court is more likely to
> determine that separate trials are necessary, but, as we indicated in Richardson v.
> Marsh, less drastic measures, such as limiting instructions, often will suffice to
> cure any risk of prejudice.

*Zafiro v. United States*, 506 U.S. 534, 539, 113 S. Ct. 933, 938, 122 L. Ed. 2d 317 (1993).

The Confrontation Clause of the Sixth Amendment guarantees criminal defendant's the

right "to be confronted with the witnesses against him."  The Supreme Court has held that the

right of confrontation includes the right to cross-examine witnesses. *See Pointer v. Texas*, 380 U.S. 400, 404, 406-407 (1965); *Richardson v. Marsh*, 481 U.S. 200, 206, 107 S. Ct. 1702, 1703-04, 95 L. Ed. 2d 176 (1987). "Therefore, where two defendants are tried jointly, the pretrial confession of one cannot be admitted against the other unless the confessing defendant takes the stand." *Richardson*, 481 U.S. at 206. Ordinarily, when a witness's testimony is introduced at a joint trial, that witness "is not considered to be a witness 'against' a defendant if the jury is instructed to consider that testimony only against a codefendant. This accords with the…assumption of the law that jurors follow their instructions." *Id*. *See also United States v. Welch,* 97 F.3d 142, 147 (6th Cir. 1996) (noting that, even where evidence admitted at trial pertains to some, but not all, defendants, , the law generally presumes that juries are "capable of sorting evidence and considering separately each count and each defendant."). In *Bruton v. United States*, however, the Supreme Court limited the general rule that juries are presumed capable of following instructions by holding that a defendant is deprived of his rights under the Confrontation Clause when his non-testifying codefendant's confession, which incriminates the defendant, is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant. *See Bruton v. United States*, 391 U.S. 123, 137, 88 S. Ct. 1620, 1628, 20 L. Ed. 2d 476 (1968).

In *Richardson v. Marsh*, the Court limited the *Bruton* rule, holding that a defendant's right of confrontation was not violated by a non-testifying codefendant's confession that was redacted such that it eliminated any reference to the defendant and admitted with a proper limiting instruction. *Richardson*, 481 U.S. at 200-201. The Richardson Court distinguished *Bruton*, holding that the *Bruton* rule applied to a confession that is "incriminating on its face"

15

and that "expressly implicates" the defendant. *Richardson v. Marsh*, 481 U.S. 200, 211, 107 S. Ct. 1702, 95 L. Ed. 2d 176 (1987).

In *Gray v. Marsh*, the Supreme Court further clarified the *Bruton* rule. The Court held that *Bruton* prohibition on introduction of a non-testifying codefendant's confession that is incriminating on its face during a joint trial extends also to redacted confessions in which the defendant's name is replaced by a blank space, word deleted, or similar symbol. *Gray v. Maryland*, 523 U.S. 185, 118 S. Ct. 1151, 140 L. Ed. 2d 294 (1998).

### i. Prejudice Caused by Jurors' Correlation of Offenses

In this case, Defendant Floyd does not make a claim of specific prejudice; he only generally references a "spillover effect" caused by the presentation of evidence related to counts for which Floyd is not charged, and asserts that the joint trial will "allow the government to unfairly and prejudicially bolster its own conspiracy case against Defendant Floyd." (Doc. 111 at 487). The Sixth Circuit has held that "a spillover of evidence from one case to another generally does not require severance." *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002). Further, "[t]he fact that a defendant may have a better chance at acquittal if his trial were severed does not require the judge to grant his motion: the defendant must show 'substantial,' 'undue,' or 'compelling' prejudice." *Lopez*, 309 F.3d at 971 (*quoting United States v. DeFranco*, 30 F.3d 664, 669–70 (6th Cir.1994)). Floyd's general claims of prejudice are insufficient to meet the "strong burden" of demonstrating 'substantial,' 'undue,' or 'compelling' prejudice as a result of joinder.

### ii. Prejudice Caused by Martin's Confession

Additionally, at this time the Court denies to grant Defendant Floyd's request for severance based on any potential prejudice that could result from Defendant Martin's confession

16

that may implicate Defendant Floyd and his other codefendants.  First, as an initial matter, the Court notes that the actual statements of concern to Floyd were not been put before the Court in his Motion to Sever.  Under Rule 14, the Court may request to view any challenged statements *in camera* before determining the proper course of action.  In addition, it is unclear at this point whether Martin will testify, and the *Bruton* rule applies only to a *non-testifying* codefendants' statements.  *See* Bruton *discussion*, *supra*.  The potential for a Confrontation Clause violation is insufficient to justify severance.  And even if there is a *Bruton* issue in this case, the Supreme Court has made clear that severance is not required to satisfy the *Bruton* rule.  *See Richardson*, 481 U.S. 200; *Gray*, 523 U.S. 185.  The Court agrees with the Government that there are other, less drastic measures that can be taken to ensure that Martin's statements are admitted in such a way to ensure that no Confrontation Clause problems are created.  The Court will establish the parameters – including redaction of certain evidence – of the admission of the specific statements at issue to ensure that no Confrontation Clause violations occur.  The Court will hear further objections on these grounds at trial, if this issue arises once trial begins.

For the foregoing reasons, the Court **DENIES** Defendant Floyd's Motion to Sever (Doc. 111).

### C.  Robinson's Motion to Join Codefendants' Pre-Trial Motions

Defendant Robinson moves this Court to allow him to join the pretrial motions of his codefendants, to the extent that such motions are applicable to him.  (*See* Doc. 105-1).  He insists that if the Court grants him permission to join his codefendants' motions, his joinder "will not prejudice the Government, will result in judicial economy and will ensue that [Robinson's] Sixth Amendment right to effective representation as well as his Fifth Amendment right to a fair trial will be fully protected."  (*Id*. at 1).

17

At this time, all discovery-related pre-trial motions have been resolved.  In addition, only Defendant Floyd filed any pre-trial motions *in limine* (*see* Doc. 103 and Doc. 111), and those motions appear to raise issues specific to Defendant Floyd.  Therefore, Defendant Robinson's Motion to Join Co-Defendants' Pre-Trial Motions (Doc. 105-1) is **GRANTED but is MOOT**.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Floyd's Motion *in Limine* (Doc. 103) is **DENIED**, Defendant Floyd's Motion to Sever (Doc. 111) is **DENIED**, and Defendant Robinson's Motion to Join in Pretrial Motions of Co-Defendants (Doc. 105-1) is **GRANTED but is MOOT**.

**IT IS SO ORDERED.**

    **s/ Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  May 11, 2015**

18