IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No. 2:14-cr-00126(4) |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | |
| KRISTAL N. SCREVEN, | : | |
| | : | |
| Defendant, | : | |

**<u>ORDER</u>**

This matter is before the Court on Defendant Kristal Screven's Motion Requesting a Judicial Recommendation Concerning Length of Residential Re-Entry Center/Halfway House Placement (Doc. 227) and Plaintiff United States of America's Motion to Dismiss Screven's Request for Transfer.  (Doc. 228.)

Defendant pleaded guilty to one count of conspiracy to commit bribery concerning a federally funded program.  (Doc. 180.)  On September 18, 2015, this Court sentenced Defendant to a term of 27 months imprisonment followed by three years of supervised release.  (*Id.*)  The Court ordered Defendant to self-surrender on or before January 4, 2016.  (Doc. 196.)  Screven, proceeding pro se, now asks the Court to make a recommendation that she be placed in a Residential Re-Entry Center ("RRC") or halfway house for the last 12 months of her sentence.  (Doc. 227 at 1.)  In support of her motion, Screven states that she has served as a tutor and participated in various Bureau of Prisons ("BOP") educational programs; that she needs retraining assistance that is available only at an RRC because she cannot return to the teaching profession due to her conviction; that her medical and mental health problems have not been treated adequately during her incarceration; and that at 40 years old she is young enough to be

reformed and reintegrated into society after her release. (*Id.* at 2-3.) Defendant acknowledges that the Court's recommendation is advisory and not binding on the BOP. (*Id.* at 4.)

The United States, in response to Defendant's motion, filed a motion to dismiss the request for transfer, arguing that the Court lacks jurisdiction to issue the requested recommendation to the BOP. (Doc. 228.)

The BOP has the discretion to determine prisoner classification and eligibility for federal prison rehabilitative programs. 18 U.S.C. § 4081. Under 18 U.S.C. § 3621, in designating the place of the prisoner's imprisonment, the BOP may consider, among other factors:

> any statement by the court that imposed the sentence—
>
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> (B) recommending a type of penal or correctional facility as appropriate[.]

18 U.S.C. § 3621(b)(4). Defendant acknowledges that the authority to determine placement in an RRC or halfway house rests solely with the BOP. But the government, in arguing that the Court lacks jurisdiction to consider Defendant's motion, conflates the authority to decide with the authority to recommend. Neither Federal Rule of Criminal Procedure 35, which allows for modifications of a sentence to correct an error or for substantial assistance in investigating or prosecuting another person, nor the Court's authority to hear a post-conviction motion for sentence credit is applicable to the question of the Court's ability to make a recommendation on placement, which the BOP may in turn consider but by which it is not bound.[1] And a Sixth Circuit case on which the government relies heavily, *United States v. Westmoreland*, in which the court found that the trial court lacked jurisdiction to rule on a motion for sentence-credit

---

[1] The cases cited by the government are inapposite because they deal with inmates' challenges to the BOP's policies or regulations. *See Montroy v. Eichenlaub*, No. 2:07-CV-15167, 2008 WL 4791293 at *2 (E.D. Mich. Oct. 29, 2008); *Najor v. Eichenlaub*, No. 08-11274, 2009 WL 2346367, at *1 (E.D. Mich. July 29, 2009).

determination, does not control here because Defendant seeks only a recommendation from this Court.  974 F.2d 736, 738 (6th Cir. 1992).  *See also United States v. Wallace*, No. 5:13-cv-27 (Doc. 46) (W.D. Ky. Dec. 16, 2015) (granting a motion for a judicial recommendation concerning length of halfway house placement).  Nor is there any limitation in 18 U.S.C. § 3621(b)(4) that requires the Court's recommendation to be made before a defendant is sentenced.  Therefore, the Court **DENIES** the government's motion to dismiss Screven's motion for lack of jurisdiction.  (Doc. 228.)

Turning to the merits of Screven's argument regarding her placement, the BOP's Revised Guidance for Residential Reentry Center (RRC) Placements acknowledges that all inmates are statutorily eligible for pre-release RRC placement but notes that only some individuals are appropriate for such a placement.  (Doc. 227-2 at 1-2.)  Taking into account the factors considered by the BOP in determining whether an RRC placement is appropriate, the Court believes that Screven is a strong candidate for such a placement.  Defendant's prison record is good and an RRC or halfway house will ensure that she receives appropriate retraining assistance and medical treatment to facilitate her re-integration into society.  The government raises no argument regarding the merits of the placement.

Defendant's motion for a judicial recommendation is **GRANTED** (Doc. 227) and Plaintiff's Motion to Dismiss is **DENIED**.  (Doc. 228.)  The Court hereby **RECOMMENDS** that the Bureau of Prisons place Screven in an appropriate RRC or halfway house for the maximum time for which she is eligible.

**IT IS SO ORDERED.**

    /s/   ALGENON L. MARBLEY
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated: August 10, 2016**