# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 2:14-cr-00126(4) |
| Plaintiff, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | |
| KRISTAL N. SCREVEN, : | |
| : | |
| Defendant, : | |

## ORDER

### I. BACKGROUND

This matter is before the Court on Defendant Kristal Screven's Motion Requesting to Modify Sentence (Doc. 236) and Plaintiff United States of America's Motion to Dismiss Screven's Motion Requesting to Modify Sentence. (Doc. 238.) The Court had previously recommended that the Bureau of Prisons place Screven in an appropriate Residential Re-Entry Center ("RRC") or halfway hours for the maximum time for which she is eligible. (Doc. 233.)

Screven is scheduled to be released on December 18, 2017, and she now requests that the remainder of her sentence be converted to a term of home confinement. (Doc. 236 at ¶ 21.) This request appears to be based on the following: (a) claimed defects in her sentencing—i.e., she claims she did not receive her PSI only sixteen hours prior to sentencing; and (b) she represents that she received a letter from Warden Quintano [sic] that suggested she was receiving enough support that being released into RRC for maximum time was not critical, and that Warden Quintano had not received the Court's Order recommending that she serve the maximum eligible time in an RRC or halfway house. (Doc. 236 at ¶ 12.) Defendant attaches several documents to her motion, but she omits the letter from Warden Quintano. She also reiterates arguments she

1

made in her motion seeking placement in a halfway house or RRC: good behavior, a desire to retrain and to care for her children, and better mental health and medical care. (Doc. 227.) She notes that home confinement is less expensive for the government than prison. (Doc. 226 at ¶ 25.)

The United States, in response to Defendant's motion, filed a motion to dismiss her motion to modify her sentence. (Doc. 238.) The government notes that Defendant's motion falls best into the legal landscape as a motion under 28 U.S.C. § 2255 or 18 U.S.C. § 3582(c). Because Defendant did not file her motion within the statute of limitations for a § 2255 filing, the government argues, she may not obtain relief under § 2255. (Doc. 238 at 3.) The government also argues that Defendant meets none of the statutory requirements for receiving modification of an imposed term of imprisonment under 18 U.S.C. § 3582(c). (Doc. 238 at 7-8.) Defendant has filed no reply brief and the motions are ripe for review.

## II. ANALYSIS

### A. 28 U.S.C. § 2255

A prisoner in custody may move to correct a sentence imposed upon her in violation of the Constitution or the laws of the United States. 28 U.S.C. § 2255(a). As relevant here, the statute of limitations for filing such a motion is one year from the latest of: "(1) the date on which the judgment of conviction becomes final; . . . or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2255(f)(1) & (4).

Defendant Screven may not obtain relief under § 2255(f)(1). If she filed no appeal, her judgment of conviction became final under § 2255(f)(1) "when the time period expired to file an appeal." *Adams v. United States*, No. 2:13–CV–234, 2014 WL 5369425, at *3 (S.D. Ohio Oct.

21, 2014). In other words, the conviction is final "upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). Defendant Screven was sentenced on September 18, 2015, and the judgment was entered on the docket on October 6, 2015. Under Federal Rule of Appellate Procedure 4(b)(1)(a)(i), she had fourteen days, or until October 20, 2015, to appeal. Fed. R. App. P. 4(b)(1)(a)(i). She chose not to appeal. Therefore, for purposes of § 2255(f)(1), the one-year statute of limitations expired on October 20, 2016. Defendant Screven filed her motion on December 20, 2016, more than one year past the statute of limitations. (Doc. 236.)

Defendant Screven also may not obtain relief under § 2255(f)(4). Defendant seeks modification of her sentence in part because she "was made aware via her own research that she had a legal right to review and provide response [to her PSI] 21 days prior to sentencing." (Doc. 236 at ¶ 21.) Even assuming, for the purposes of argument, that untimely receipt of a PSI is a constitutional violation, Defendant's "discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4)." *Taylor v. United States*, 518 F. App'x 348, 349-50 (2013).

Because she has failed to file her motion within the one-year statute of limitations, Defendant's claim is barred under § 2255(f) as untimely.

### B. 18 U.S.C. § 3582(c)

Under 18 U.S.C. § 3582(c), the Court may not modify a term of imprisonment unless certain, narrowly-defined, conditions, apply. Under 18 U.S.C. § 3582(c)(1)(A), any modification of a defendant's sentence must follow a motion of the director of the Bureau of Prisons. Under 18 U.S.C. § 3582(c)(1)(B), modification must be "expressly permitted by statute or by Rule 35

of the Federal Rules of Criminal Procedure." Rule 35 addresses correcting clear error and reducing a sentence for substantial assistance to the government. Under 18 U.S.C. § 3582(c)(2), the Court may reduce a term of imprisonment, after considering any applicable § 3553(a) factors, if, following a defendant's sentencing, the sentencing commission lowers that defendant's applicable sentencing range. None of these statutory factors applies to Ms. Screven's case. Therefore, 18 U.S.C. § 3582(c) may not form the basis for a modification of her sentence.

Defendant's motion for modification of her sentence is **DENIED** (Doc. 236) and Defendant's Motion to Dismiss is **DENIED as MOOT**. (Doc. 238.) To the extent her Warden has not already received it, the Court suggests that Ms. Screven provide him or her with a copy of its previous order recommending placement in a halfway house or RRC for the maximum time applicable. (Doc. 233.)

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
UNITED STATES DISTRICT COURT

**Dated: April 19, 2017**

4